UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER ROSA, | : | Case No. 3:24-cv-753 (SVN) |
| *Petitioner,* | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF CORRECTION, | : | |
| *Respondent.* | : | January 8, 2025 |

**ORDER DISMISSING PETITION**

Petitioner Alexander Rosa filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 22, 2024, while he was a pretrial detainee. He challenges various aspects of his charges and detention in three criminal cases in Connecticut Superior Court: Nos. FO2B-CR23-0354210-S, FO2B-CR23-0354835-S, and FO2B-CR-24-0355425-S. On May 30, 2024, Petitioner submitted a motion to amend, which the Court granted, along with an amended petition. Am. Pet., ECF No. 17. Respondent has filed a motion to dismiss the amended petition, arguing that Petitioner's claims are no longer cognizable because he entered a guilty plea in the state matters or are otherwise moot. For the following reasons, Respondent's motion to dismiss is GRANTED.

**I.    BACKGROUND**

According to state court records, in Case No. FO2B-CR23-0354210-S, Petitioner was charged with criminal trespass in the first degree and failure to appear in the second degree. *See* Resp't's Br., App. B, ECF No. 20-2 at 2. In Case No. FO2B-CR23-0354835-S, he was charged with breach of peace in the second degree and failure to appear in the second degree. *Id.* at 5. In Case No. FO2B-CR-24-0355425-S, he was charged with assault in the third degree, breach of peace in the second degree, and criminal trespass in the second degree. *Id.* at 7.

On June 3, 2024, Petitioner entered a plea agreement resolving all three cases. In Case No. FO2B-CR-24-0355425-S, Petitioner pleaded guilty to one count of assault in the third degree and was sentenced to 364 days of incarceration, all of which were suspended, followed by three years of probation. *Id.* In Case No. FO2B-CR23-0354210-S, Petitioner pleaded guilty to criminal trespass[1] and was sentenced to 364 days of incarceration, all of which were suspended, followed by three years of probation. *Id.* at 2. The two sentences were ordered to run consecutively for a total effective sentence of 728 days of incarceration, all of which was suspended, followed by three years of probation. *See id.* at 11–12. All other charges, including the charges in Case No. FO2B-CR23-0354835-S, were nolled.

## II. DISCUSSION

Rosa asserts five grounds in his amended petition: (1) he was subject to excessive bail; (2) he should not have been arrested for failure to appear because those charges should have been nolled or dismissed on an earlier date; (3) the judge presiding over his case committed misconduct by ordering that he undergo a competency evaluation; (4) his public defender committed fraud and ineffective assistance; and (5) the prosecutor committed misconduct, by allowing the failure to appear charges to be nolled without Petitioner's consent. Respondent contends that all five grounds concern issues occurring before Rosa entered his guilty plea and, therefore, are no longer cognizable, or are otherwise moot. The Court agrees with Respondent.

---

[1] Respondent represents that Petitioner pleaded guilty to criminal trespass in the third degree. *See* Resp't's Br., ECF No. 20 at 2. The Connecticut Superior Court records concerning this conviction note that Petitioner "[d]id commit" the offense of criminal trespass in the first degree. ECF No. 20-2 at 2. As this distinction is immaterial to the issues presented in this case, the Court does not discuss it further.

To begin, Petitioner's guilty plea in two of the underlying criminal actions precludes him from asserting constitutional violations in those actions that predated his guilty plea. In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Supreme Court stated:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id*. at 267. A guilty plea therefore "foreclose[s] direct inquiry into the merits of claimed antecedent constitutional violations." *Id.* at 266; *see also United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006) (explaining that "a guilty plea does not 'waive' constitutional challenges so much as it conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue"). Thus, regardless of whether the antecedent constitutional claims have some bearing in fact, a petitioner who has entered a guilty plea can no longer assert those claims to challenge his conviction.

Instead, the only challenge such a petitioner still may pursue is that the guilty plea was not knowing or voluntary. *See Eldridge v. Superintendent of Greenhaven Corr. Facility*, No. 19 Civ. 7763 (ALC) (SLC), 2022 WL 18542149, at *6 (S.D.N.Y. Feb. 25, 2022) (citations omitted), *report and recommendation adopted sub nom. Eldrige v. New York*, 2023 WL 1438726 (S.D.N.Y. Feb. 1, 2023); *see also Vincente v. Superintendent of E. NY Corr. Facility*, No. CV-21-6910 (AMD), 2023 WL 3764996, at *5 (E.D.N.Y. June 1, 2023) (petitioner's unconditional guilty plea waived all claims of ineffective assistance of counsel relating to events prior to the guilty plea except those affecting the voluntariness of the plea) (citations omitted); *Amparo v. Henderson*, No. CV 86-4310, 1989 WL 126831, at *2 (E.D.N.Y. Oct. 18, 1989).

To the extent Petitioner's grounds for relief pertain to alleged constitutional violations that occurred in Case No. FO2B-CR-240355425-S or Case No. FO2B-CR23-0354210-S, he cannot pursue them because of his guilty pleas in those matters. In his grounds for relief, Petitioner argues that his bond was set too high and the judge improperly ordered a competency evaluation. He also argues that his failure to appear charges should have been nolled or dismissed because he was in a mental hospital on the date he allegedly failed to appear; that the public defender did not raise this issue with the failure to appear charges, and the prosecutor ultimately nolled the failure to appear charges without obtaining Petitioner's consent. Petitioner does not specify which grounds of his amended petition pertain to which of his state criminal cases. But it appears that at least all of the misconduct-related grounds (grounds two through five) appear to pertain to the cases in which Petitioner entered guilty pleas, as they relate to the failure to appear charges, which were brought in only the two cases in which he pleaded guilty. Petitioner's guilty plea forecloses these challenges, even to the extent they raise ineffective assistance of counsel concerns. *See Parisi v. United States*, 529 F.3d 134, 138–39 (2d Cir. 2008). The only type of challenge Petitioner could pursue is one relating to the voluntariness of his plea. Petitioner has, however, not alleged that his guilty plea was somehow involuntary. Indeed, the transcript of the plea hearing demonstrates the opposite. *See* Resp't's Br., App. A, ECF No. 20-1. The amended petition must therefore be dismissed as to grounds two through five.

As to ground one relating to excessive bond, the petition is moot. Petitioner seeks either a lower bond or a release from custody. But Petitioner's plea agreement in the two matters referenced above included a fully suspended sentence that allowed him to be released upon sentencing, and the state dismissed the third case entirely. As Petitioner has been released from

4

custody on the charges he challenges, the Court therefore cannot, and need not, afford him the bond-related relief he has requested via his amended petition. This renders his petition claiming excessive bond moot. *See, e.g., Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). That Petitioner was later re-incarcerated on separate charges does not change this result, as the new charges are not the subject of the present petition. *See* Resp't's Supp. Br., ECF No. 34.

### III. CONCLUSION

Respondent's motion to dismiss, ECF No. 19, is GRANTED. The Clerk is directed to close this case. As any appeal of this order would not be taken in good faith, a certificate of appealability will not issue.

**SO ORDERED** at Hartford, Connecticut, this 8th day of January, 2025.

                                      */s/ Sarala V. Nagala*
                                      SARALA V. NAGALA
                                      UNITED STATES DISTRICT JUDGE